UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GABRIELLE SCHULMAN,

                                        Plaintiff,       **NOTICE OF REMOVAL**

        -against-                                 Case No.

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK,

                                        Defendant.

------------------------------------------------------------------X

**TO:    THE UNITED STATES DISTRICT COURT,
         SOUTHERN DISTRICT OF NEW YORK**

        Defendant, the Department of Education of the City of New York (hereinafter "Defendant"), by and through its attorney, Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, respectfully removes to this Court the State Court Action described below:

        1.    Defendant is named in a civil action commenced in the Supreme Court of the State of New York, County of New York, Index No. 190188/2024 (the "State Court Action"), setting forth the claims for relief upon which the action is based.

        2.    In the State Court Action, Plaintiff filed a Summons and Complaint on July 15, 2024. On or about October 17, 2024, Plaintiff served Defendant with the Summons and Complaint in this action. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is annexed hereto as Exhibit "A."

        3.    Under 28 U.S.C. §§ 1441(a), and 1446(b), this removal is timely, as this Notice of Removal is being filed within thirty (30) days of the service of the pleading setting forth Plaintiff's claims on Defendant.

1. This is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court, pursuant to 28 U.S.C. § 1441(a). Plaintiff brings this action pursuant Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. alleging gender discrimination and retaliation. See Exhibit "A."

2. Pursuant to 28 U.S.C. § 1446(d), the undersigned shall promptly provide Plaintiff with written notice of the filing of this Notice of Removal, and shall file a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York.

(remainder of page intentionally left blank)

**WHEREFORE**, Defendant respectfully requests that the above-captioned action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated:    New York, New York
         November 1, 2024

                                            **MURIEL GOODE-TRUFANT**
Acting Corporation Counsel of the
  City of New York
*Attorney for Defendant*
100 Church Street, Room 2-109(g)
New York, New York 10007-2601
(212) 356-4389
cylee@law.nyc.gov

By:    */s/ Cynthia A. Lee*
       Cynthia A. Lee
       Assistant Corporation Counsel

**TO:** Stewart Lee Karlin Law Group, PC
Attorney for Plaintiff
111 John Street, 22nd Floor
New York, New York 10038
(212) 792-9670
slk@stewartkarlin.com

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X          Index No.:

GABRIELLE SCHULMAN,                                                Date Purchased:

             Plaintiff,                              Plaintiff designates New York
                                                                   County as the place of trial
  -against-

                                                                   **SUMMONS**

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK                                            The basis of the venue is: Defendant's
                                                                   Principal Place of Business

                                                                   Plaintiff resides at 6450D 188th Street
                                                                   Fresh Meadows, NY 11365

             Defendants.
-------------------------------------------------------X

To the above named Defendant:

     You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiffs' attorney within twenty days after service of the summons exclusive of the day of the service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
         July 15, 2024                          Yours, etc.,

                                                STEWART LEE KARLIN
                                                LAW GROUP, PC

                                                   /Stewart Lee Kalrin
                                                STEWART LEE KARLIN, ESQ.
Defendant's Address                             Attorney for Plaintiff
NYC Law Dept-Corporation Counsel                111 John Street, 22nd Floor
100 Church Street                               New York, New York, 10038
New York, NY 10007                              (212) 792-9670

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
───────────────────────────────────────x

GABRIELLE SCHULMAN,

      Plaintiff,

  -against-                                    **VERIFIED COMPLAINT**

                                                              *Jury Trial Demanded*

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK,

      Defendant
───────────────────────────────────────x

Plaintiff Gabrielle Schulman ("Plaintiff") by and through her undersigned attorney Stewart Lee Karlin, Stewart Lee Karlin Law Group, P.C., sues the Defendant the Department of Education of The City of New York (henceforth "Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action seeking injunctive relief, monetary relief, including past and on-going economic loss, compensatory and punitive damages for violations of Title VII discrimination and retaliation.

2. Plaintiff was discriminated against due to gender (female) and retaliated against due to her protected activity

**PARTIES**

3. Plaintiff (female) was an employee for the Department of Education of the City of New York in good standing as a teacher since 2009.

4. Plaintiff has commenced this action pursuant to Title VII of the Civil Rights Act of 1964 42 U.S.C. 2000e et seq., in that Plaintiff was constructively terminated from her employment due to her gender and retaliation. This action seeks declaratory relief, equitable relief, back pay,

2

compensatory damages and attorneys' fees. At all relevant times, Plaintiff is an "employee" as defined in Section 701(b) of Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e.

5. At all relevant times, the Defendant has overseen the NYC system of public schools located throughout all five (5) boroughs of the City of New York and Plaintiff was employed as teacher with Defendant. Defendant is an employer within the meaning of Title VII.

## JURISDICTION AND VENUE

6. Plaintiff filed a claim with the United States Equal Employment Opportunity Commissioner ("EEOC") and received her Right to Sue Letter on April 17, 2024. This Action was commenced within ninety (90) days of receipt of the notice of right to sue letter conferring concurrent jurisdiction on this Court. See the Notice of Right to Sue letter as Exhibit "A."

7. This action's venue properly lies in New York County because the headquarters of the New York City Department of Education is located in New York County.

## STATEMENT OF FACTS

8. Plaintiff was hired as a Visual Arts teacher by the Department in 2009. At all times in her employment, Plaintiff was highly regarded in her field and considered exceptionally qualified.

9. Plaintiff was discriminated against by her employer on the basis of my gender/sex (Female) and in retaliation for her complaints of sexual harassment.

10. Specifically, Plaintiff was sexually harassed and approached by her principal to go away with him for three days and she rejected his advances.

11. Plaintiff subsequently found out that the Principal was involved with another co-worker.

12. In further sexual harassment and retaliation for complaining and refusing the Principal's sexual advances, Plaintiff's employment conditions were altered until she was ultimately

3

constructively terminated as follows.

13. Shortly after Plaintiff refused the principal's sexual advances, Plaintiff was retaliated against (quid pro quo) and he began to cut Plaintiff's funding.

14. In addition, Plaintiff was closely scrutinized such as the times in which she clocked in and out in contrast with other teachers who left their jobs early and were not close scrutinized.

15. The principal also began to systematically isolate Plaintiff from opportunities within and outside of the DOE.

16. For instance, Plaintiff joined a Professional Learning Group through an opportunity with the North Art Office. The monthly meetings were set to begin after October 7, 2022. Plaintiff needed the principal permission to apply. The first meeting was an in-person only meeting, Plaintiff was given a blue copy of an OP201 form that had a space for the principal's signature, but he refused to approve it. The principal refused to sign the form in retaliation for Plaintiff rejecting his sexual advances and Plaintiff lost that opportunity.

17. In addition, when there was an opportunity to attend training, workshops or any other career opportunity, the principal purposely did not extend opportunities for Plaintiff to attend offsite workshops and trainings to Plaintiff in further retaliation. His response to Plaintiff was, "why should I let my art teacher go to a professional development when we offer them here"?

18. Additionally, at the direction of the principal, the Arts Education Liaison did not forward any information to Plaintiff and her contact with the Arts Office started dwindling.

19. In further retaliation, the principal changed Plaintiff's job conditions in that her workload was arbitrarily increased, the-on-the-job stress increased, and she was required to work at a very high-speed pace in order to keep her position. Before the principal made the sexual advances to Plaintiff, she had a lighter workload and was not subjected to high pace work speed

requirements and was not micromanaged as she was after she rejected the principal's sexual advances. Plaintiff's job became a hostile workplace in retaliation for rejecting the Principal's advances.

20. On or about January 03, 2022, the principal, who was in charge of the school building, had Plaintiff working late after duty hours and then purposely left Plaintiff inside the building alone and left unannounced.

21. More specifically on that day, Plaintiff was on duty after school hours because she had to open boxes to try to get ahead of all the 2020-21SY purchases that were stacked up in the art room for the majority of the year. While she was working and without letting her know, the principal left the building despite being his Administrator's responsibility to inform Plaintiff as the school session had ended and they were in after school hours.

22. Instead, on that day, while Plaintiff was in the bathroom, she heard footsteps running down the hall. When Plaintiff exited the bathroom, everything was quiet and there was no one around. Plaintiff was scared and realized Principal as an administrator had no regard for Plaintiff's safety. Plaintiff messaged him on her way out to let him know she was leaving and to ask why she was left alone in the building without the principal letting her know he was leaving. The principal did not respond.

23. On or about May 23, 2022, principal Cromer and AP Latoya Patterson called Plaintiff to the principal's office for a retaliatory Counseling Memo.

24. On or about June 17, 2022, there was an email exchange between payroll Secretary Nancy Guiliani and Plaintiff because Plaintiff wanted to speak with her on the phone. Plaintiff had been in her office on May 23, 2022, speaking about her concerns in the workplace and keeping secret something that was about to bring her harm. A few days later she went on a

5

medical leave. Plaintiff and her spoke at around 2 p.m. when she called the school. At that time Plaintiff asked to view her personnel file because of a counseling memo the Principal and the Assistant Principal presented to her previously as a result of being held at work on May 18, 2022.

25. On or about June 26, 2022 there was a letter to the file that was not in Plaintiff's file when she had the appointment to view her file on June 27, 2022. This was purposely omitted so that Plaintiff could not review it. This letter had a 16 thread email between Ellie Cavounis (principal Secretary Giuliani and Plaintiff).

26. Furthermore, Plaintiff was accused of having several absences, however, she had doctor's notes when she was absent due to medical reasons. Plaintiff was closely scrutinized due to the justified absences and had no more than her other comparable colleagues who were not subject to retaliation and sex discrimination and who were not closely scrutinized.

27. Shortly thereafter, on or about January 23, 2023, the principal continued to paper Plaintiff's file with negative write ups which were continuous in further retaliation for Plaintiff's complaining and denying the principal's sexual advances. Before the principal subjected Plaintiff to sexual harassment, Plaintiff's personnel file was not papered with negative write-ups, letters, etc. On the contrary, Plaintiff's performance was exemplary.

28. For instance, the first negative letter presented to Plaintiff and placed in her personnel file was crafted by the principal and restricted Plaintiff's communication inside and outside the workplace with a directive that Plaintiff copy every piece of correspondence she sent. This was retaliatory and a new restriction imposed after Plaintiff denied the principal's sexual advances.

29. On or about February 10, 2023, Plaintiff received a retaliatory letter to file. This letter documented insubordination in the form of refusal to cover classes when asked and failure to

6

appear at a disciplinary meeting. Again this was again false and retaliation. The letter also covered another instance of misuse of email, where Charging Party was alleged to have copied parents on internal emails.

30. Plaintiff did not miss any meeting on purpose and she emailed a request for it to be rescheduled, which it was later on.

31. The Administration intentionally withheld official training opportunities from Plaintiff as a form of retaliation and discrimination fueled with an intention to present a false representation of Plaintiff's work and to ruin Plaintiff's pedagogical activities and tarnish her professional reputation.

32. The Principal utilized the IT Division to restrict electronic information to Plaintiff's inbox and coordinating efforts to block training opportunities from going on record while Plaintiff has been with listed with 25Q281 with the New York City Department of Education.

33. On or about November 28, 2023, Plaintiff submitted a safety complaint. The Principal and his administrative team blocked Plaintiff from being able to reach out for Dean support with concerns about students who exhibited behaviors of concern and who created an unsafe work environment and experience for Plaintiff in the classroom.

34. The principal and the administration blocked Plaintiff from access to the Guidance counselors' office.

35. The Principal and his Assistant Principal (also Supervisor of Art) purposely withheld resources, opportunities, media art technology and a textbook request for visual art expenditures which with the purpose of retaliate and hurt Plaintiff. They also hindered opportunities to build upon teacher: student partnerships, and success.

36. On or about December 2023, Plaintiff reported another safety report to no avail.

Specifically, Plaintiff reported inappropriate behaviors by multiple students in the class, including the filming of the class that was brought to her attention in an email received by Administrator Patterson as a post-meeting follow up.

37. An investigation, according to the email was going to take place, which is something at the time of the incident, Friday, December 1, 2023, period 8, Plaintiff needed assistance with; due to a block/restriction in place set by the principal, Plaintiff was prohibited from reaching out to the Dean for any support or documentation.

38. As a result of the principal sabotaging Plaintiff, students at a table were writing negative messages and rumor spreading false statements about other students and about Plaintiff. Students in class were harassing, bullying, laughing and being aggressive. Plaintiff had no support and was blocked from reaching out for assistance.

39. Plaintiff has experienced harassment, discrimination, retaliation, negative writing about her and her practice, intimidation and interrogation tactics, withholding of resources and information, removal of resources and information, and withholding opportunities for professional growth and advancement.

40. In addition, due to the sex discrimination and retaliation, Plaintiff's essential functions of her job were altered, she was subjected to a hostile work environment, retaliation, a change in her teaching duties, a lack of opportunities to grow and to received new training, her career was stalled and she was excluded from acquiring per Central NYCDOE per session opportunities, thus directly affecting her income/compensation because of the retaliatory actions of Defendant.

41. As a result, Plaintiff was constructively terminated in January 2024 and has been forced to hire a private attorney to enforce her rights.

42. In addition, Plaintiff suffered emotional damages and damage to her professional reputation.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR GENDER DISCRIMINATION

43. Plaintiff repeats, reiterates, and realleges each and every allegation as if the same were fully set forth at length herein.

44. Based on the foregoing, Defendant subjected Plaintiff to discrimination on the basis of her gender, unlawfully discriminating against the Plaintiff in the terms and conditions of her employment on the basis of her gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

### AS AND FOR A SECOND CAUSE OF ACTION FOR RETALIAITON

45. Plaintiff repeats, reiterates, and realleges each and every allegation as if the same were fully set forth at length herein.

46. Based on the foregoing, Defendant subjected Plaintiff to retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

### PLAINTIFF DEMANDS A TRIAL BY JURY

WHEREFORE, the Plaintiff demands judgment against the Defendant for all compensatory, emotional, psychological and any other damages permitted by law pursuant to the above referenced causes of action. It is respectfully requested that this Court grant Plaintiff any other relief to which she is entitled, including but not limited to:

1. Awarding Plaintiff all the backpay and financial damages that ensued after she was placed on a lawless and unconstitutional Leave Without Pay;

2. Compensatory damages for past and future economic deprivation;

3. An Award of reasonable Attorney fees and litigation costs;

4.    Granting such other and further relief that the Court seems just and proper.

Dated:  New York, New York
         July 15, 2024

                    Respectfully Submitted,

                    STEWART LEE KARLIN
                    LAW GROUP, PC

                    s/*Stewart Lee Karlin*
                    STEWART LEE KARLIN, ESQ.
                    *Attorney for Plaintiff*
                    111 John Street, 22nd Floor
                    New York, NY 10038
                    (212) 792-9670

## VERIFICATION

STATE OF NEW YORK )

COUNTY OF NEW YORK) ss.:

I, the undersigned, an attorney admitted to practice in law in the Courts of New York State, state that I am the attorney of record for the Plaintiff in the within action; I have read the foregoing, Complaint, and know the contents thereof; the same is true to my own knowledge except as to those matters therein alleged to be on information and belief, as to those matters I believe to be true.

The reason this verification is made by your affirmant and not by the Plaintiff herein is that said Plaintiff resides in a county other than the county where your affirmant maintains his law office.

The grounds of your affirmant's belief as to all matter not stated upon my own knowledge are as follows:

Conversations with the Plaintiff and information contained in the file.

Dated:  New York, New York
      July 15, 2024

                                            /s/Stewart Lee Karlin
                                            STEWART LEE KARLIN, ESQ.

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the C.P.L.R.:

The undersigned attorney hereby certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
       July 15, 2024

                                      /s/Stewart Lee Karlin
                                      STEWART LEE KARLIN, ESQ.

U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

April 17, 2024

Ms. Gabrielle I. Schulman
c/o Stewart L. Karlin, Esquire
Law Office of Stewart L. Karlin
111 John Street, 22nd Floor
New York, NY  10038

Re:  EEOC Charge Against New York City Department of Education, et al.
     No. 520202305384

Dear Ms. Schulman:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,

                              Kristen Clarke
                              Assistant Attorney General
                              Civil Rights Division

                          by     /s/ Karen L. Ferguson
                              Karen L. Ferguson
                              Supervisory Civil Rights Analyst
                              Employment Litigation Section

cc: New York District Office, EEOC
   New York City Department of Education, et al.